### DICKINSON et al. v. STATE FARM MUT. AUTOMOBILE INS. CO.

No. 9861.

United States Court of Appeals Seventh Circuit.

Nov. 30, 1949.

Harold W. Jones, Harry M. Stitle, Jr., Indianapolis, Ind., for appellant.

Silas C. Kivett, Sr., Kivett, Chambers, Vernon & Kivett, Indianapolis, Ind., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

Plaintiffs in 1946 and 1947 were partners in the coal mine business in Kentucky, doing business as the Tennessee Valley Collieries. One Cryer sued the company for personal injuries sustained when he was struck by a pick-up truck owned by it. A judgment obtained by Cryer against the company was paid. The instant action is to recover from the defendant insurance company the amount of the judgment paid and for expenses incurred in defending the action. From a judgment denying recovery plaintiffs appeal.

There was in force at the time of the accident giving rise to Cryer's injuries an automobile insurance policy issued by the defendant on which plaintiffs' pick-up truck and other vehicles were listed. The policy insured against liability imposed upon plaintiffs by law for damages resulting from bodily injuries caused by accident and arising out of the ownership, maintenance or use of plaintiffs' trucks, and to defend any suit against plaintiffs wherein such damages for personal injuries were sought.

The policy contained a clause excluding liability on the part of the insurer for an accident occurring "while the automobile is operated * * * by any person under the age of fourteen years". After a trial without a jury, the court found "That at the time of the accident the plaintiffs' truck was operated by Richard N. Dickinson, who was a person under the age of fourteen years". There is no question but that this finding required a judgment in favor of the defendant. The sole contention on this appeal is that the finding is without substantial support on the evidence and, therefore, is of no consequence here.

We see no point in narrating the evidence in any detail. It is sufficient to note that we have read it and have no doubt but that it supports the finding in controversy. About the most that can be said for plaintiffs' contention is that they have an argument that the truck at the time of the accident might not have been driven by Richard Dickinson. Such an argument, while appropriate in the court below, is of little if any benefit to plaintiffs here.

Briefly, the facts are that on July 10, 1946, Richard Dickinson, a son of the plaintiffs, accompanied one Oscar C. House, an adult and an employee of plaintiffs, on a business trip which was made in plaintiffs' truck. While the truck was being operated on a highway, James Cryer, one of a crew of men working on the road, was struck, receiving injuries which gave rise to the instant litigation. There is no dispute but that as plaintiffs' truck approached the crew working on the highway, it was being driven by Richard Dickinson, but plaintiffs contend that House took control of the operation and management of the truck immediately before it struck Cryer.

As bearing on the factual issue in dispute, the direct testimony is limited to that of Richard Dickinson and a Mr. Cheatham, who was on the highway at a point near where the accident occurred. The testimony of the former is to the effect that he was not driving at the time of the accident, and the testimony of Cheatham is that he was. A reading of the boy's testimony in connection with admissions made by him previous to the trial shows that it is entitled to little weight. On the other hand, the testimony of Cheatham, a disinterested witness, that the car at that time was being driven by the boy is far more convincing. More than that, there are numerous facts and circumstances in proof which give rise to a strong inference in support of the court's finding that the boy was the driver of the truck.

This crucial finding of fact as made by the court below must be accepted. The judgment appealed from is

Affirmed.